342 So.2d 1082 (1977)
MADAX INTERNATIONAL CORPORATION, Appellant,
v.
DELCHER INTERCONTINENTAL MOVING SERVICES, INC., Appellee.
No. 76-1614.
District Court of Appeal of Florida, Second District.
March 2, 1977.
*1083 Julian M. Piper of Goldner, Marger, Davis & Piper, P.A., St. Petersburg, for appellant.
John E. Karvonen of Piper, Pennell, Karvonen & Lewis, St. Petersburg, for appellee.
GRIMES, Judge.
This interlocutory appeal involves the question of jurisdiction over the person of the defendant corporation and the propriety of ordering the nonresident president of the defendant to appear in St. Petersburg for the taking of his deposition.
The following facts may be gleaned from the complaint, an affidavit filed in support thereof and certain answers to interrogatories. The plaintiff, Delcher Intercontinental Moving Services, Inc. (Delcher), is a Florida corporation having its principal office in St. Petersburg. The defendant, Madax International Corporation (Madax), is an Oregon corporation which does business in Europe. Gerald D. MacDougall and Jeannine M. MacDougall, his wife, who have been joined as defendants in the suit, were living in St. Petersburg in June of 1975. At that time, Mr. MacDougall, who was vice president of Madax, was making arrangements to move himself and his family from St. Petersburg to Belgium. He obtained quotations from Delcher on the cost of moving his furniture and automobiles to Belgium. Madax then sent a telex from Germany to Delcher in St. Petersburg in the form of a purchase order requesting the shipment of the MacDougalls' furniture and automobiles to Belgium upon the terms of the quotation. Delcher moved the items to New Orleans where they were transshipped to Belgium. Delcher invoiced Madax based upon the terms of the purchase order, but Madax has refused to pay the invoice.
Delcher first sought to obtain jurisdiction over Madax by serving MacDougall who has now moved back to Florida. MacDougall filed an affidavit that he is no longer vice president of the corporation. Delcher then obtained an alias summons and had it served upon Madax's designated agent for service of process in Oregon. An affidavit of the official who made the service appears in the file. Madax then filed a motion to dismiss asserting lack of jurisdiction over the person.
In the meantime, Delcher had noticed the deposition of William G. Moore, the president of Madax who lives in Germany, to be taken in St. Petersburg. He failed to appear for his deposition at the appointed time. Following a hearing, the court denied the motion to dismiss on lack of jurisdiction and directed Mr. Moore to appear in St. Petersburg for his deposition.
We believe that the court properly concluded that jurisdiction over Madax had been obtained under Sections 48.193 and 48.194, Florida Statutes (1975). These statutes read in pertinent part as follows:
"48.193 Acts subjecting persons to jurisdiction of courts of state 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

*1084 (2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in § 48.194. The service shall have the same effect as it it had been personally served within this state.
(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.
* * * * * *"
"48.194 Personal service outside state  Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."
Accepting the facts stated above to be true, the parties entered into a contract which had been breached by Madax's failure to perform acts required by the contract to be performed in this state, to wit: the payment for the services rendered by Delcher. Where there is an express promise to pay and no place of payment is stipulated, the debtor must seek the creditor, and the cause of action accrues where the default occurred. M.A. Kite Company v. A.C. Samford, Inc., 130 So.2d 99 (Fla.1st DCA 1961). In suits for money owed brought either in special or general assumpsit in which no place of payment was agreed upon, the cause of action accrues in the county of residence of the payee where the default in payment occurred. Saf-T-Clean, Inc. v. Martin-Marietta Corporation, 197 So.2d 8 (Fla. 1967). While the foregoing cases involved questions of venue, their rationale is controlling, because in a suit on a contract the cause of action accrues where the breach occurs. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).
The question of whether the defendant is "conducting a business or business venture" in Florida is irrelevant because service is being made under Section 48.193 rather than Section 48.181. Unlike Georgia Sav. & L. Serv. Corp. v. Delwood Estates, Inc., 315 So.2d 237 (Fla.1st DCA 1975), the record in this case clearly reflects the applicability of the statute.
On the other hand, we think the court erred in requiring Mr. Moore to travel to St. Petersburg for his deposition. This is not a case in which the deponent or the party he represents is seeking affirmative relief in the Florida courts. See Kaufman v. Kaufman, 63 So.2d 196 (Fla. 1952). Absent extraordinary circumstances not shown to exist in this record, the deposition of a nonresident officer of a nonresident corporate defendant which is not seeking affirmative relief should be taken at the deponent's place of residence. See Godshall v. Hessen, 227 So.2d 506 (Fla.3d DCA 1969). In view of the alternative methods of discovery provided by the rules of civil procedure, it may well be that the need for taking this deposition will be obviated.
AFFIRMED in part; REVERSED in part.
BOARDMAN, C.J., and OTT, J., concur.