379 So.2d 475 (1979)
LAKEWOOD PIPE OF TEXAS, INC., a Texas Corporation, Appellant,
v.
Dr. I.H. RUBAII, d/b/a Technical Consultant Services, Appellee.
No. 79-1244.
District Court of Appeal of Florida, Second District.
December 12, 1979.
Rehearing Denied January 30, 1980.
*476 Edward S. Eno of Tanney, Forde, Donahey & Eno, Clearwater, for appellant.
Jawdet I. Rubaii, Tallahassee, for appellee.
SCHEB, Judge.
The issue on this appeal is whether a guarantee of a contractual obligation requiring payment to be made to a creditor in Florida constitutes sufficient contact with Florida to permit this state to exercise jurisdiction over the guarantor under Florida's long arm statute, Section 48.193(1)(g), Florida Statutes (1977). The trial court concluded that it does. We disagree and reverse.
Three contracts are involved. In September 1974 Dr. I.H. Rubaii, doing business as Technical Consultant Services, entered into a brokerage contract with Federal Supply, Inc., a Florida corporation. The contract required Federal Supply to pay Dr. Rubaii a finder's fee for any contract which he procured in the Middle East on behalf of Federal Supply. In January 1975 Federal Supply contracted with Iraq to supply it with pipe casing. While this contract did not mention Dr. Rubaii, he nevertheless contends that it was procured through his efforts pursuant to the brokerage contract.
Unable to fulfill its contractual obligation with Iraq, Federal Supply entered an assignment contract with Lakewood Pipe of Texas, Inc. In this contract, Federal Supply assigned its rights and benefits under its contract with Iraq to Lakewood Pipe and Lakewood, in turn, agreed to supply the pipe casing to Iraq. Dr. Rubaii was not a party to the assignment contract which did not specifically mention him. Under this contract Lakewood merely guaranteed brokerage commissions due in connection with any of Federal's obligations under its contract with Iraq.
Federal Supply subsequently filed bankruptcy proceedings in which Dr. Rubaii asserted his claim for brokerage services in connection with the Iraq contract. Dr. Rubaii then brought suit in Florida to invoke Lakewood Pipe's guarantee of Federal Supply's brokerage obligations. He obtained service of process against Lakewood Pipe in Texas under the Florida long arm statute, Section 48.193, Florida Statutes (1977). Lakewood Pipe moved to quash service on the ground that it had insufficient minimum contacts with Florida to satisfy due process requirements.
Lakewood Pipe supported its motion to quash with an affidavit from its general manager stating that Lakewood was not a Florida corporation, that it was not authorized to do business in Florida, that it owned no property in Florida, did not engage *477 in business in this state, and had no agents in this state. Further, it stated that all negotiations surrounding the assignment contract occurred in Texas, and that none occurred in Florida. It also stated that none of the pipe casings were processed or shipped from Florida.
The trial court considered Lakewood Pipe's affidavit, but found that Dr. Rubaii had pled sufficient facts to demonstrate his entitlement to obtain service under the long arm statute. The court concluded that since the brokerage contract between Federal Supply and Dr. Rubaii was executed in Florida, that any sums due him were payable here in Florida where he resided. The court further concluded that since Lakewood Pipe, as assignee, stood in the shoes of Federal Supply, it was obligated to make payment in Florida, and that this constituted sufficient contact to bring Lakewood Pipe within Section 48.193(1)(g), Florida Statutes (1977). Accordingly, the trial court denied Lakewood Pipe's motion to quash.
Appellant, Lakewood, contends that holding it subject to jurisdiction of the Florida courts deprived it of due process of law under the fourteenth amendment to the United States Constitution. Due process requires that a foreign corporation must have sufficient minimum contacts with a state before the state can assert personal jurisdiction over the corporation. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Lakewood correctly points out that in order for a corporation to have had such contacts, it must have purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of the laws of that state. Hanson v. Denkla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957).
On the other hand, appellee, Dr. Rubaii, contends that Lakewood Pipe entered a contract which required it to perform an act, that is, the payment of an obligation, in Florida, and that its breach of this contract gives Florida personal jurisdiction over Lakewood pursuant to Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977). There Madax International, an Oregon corporation, contracted with Delcher, a Florida corporation, to move the furniture and automobiles of one of Madax's employees out of Florida. Delcher moved the furniture and automobiles and billed Madax. Madax refused to pay, and Delcher sued and served Madax under the Florida long arm statute.[1] Madax moved to dismiss for lack of jurisdiction and the trial court denied its motion. This court upheld the denial stating:
[T]he parties entered into a contract which had been breached by Madax's failure to perform acts required by the contract to be performed in this state, to wit: the payment for the services rendered by Delcher. Where there is an express promise to pay and no place of payment is stipulated, the debtor must seek the creditor, and the cause of action accrues where the default occurred.
Id. at 1084 (citation omitted).
We find Madax distinguishable from the case under review. Even where there is facial jurisdiction under the Florida long arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements. Rebozo v. Washington Post Co., 515 F.2d 1208 (5th Cir.1975); Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977). Madax International had such contacts because it was a party to the contract sued on *478 and the primary obligor under it. In this case, however, Dr. Rubaii was not a party to the contract of assignment sued on. In fact, Dr. Rubaii merely became a gratuitous beneficiary of a guarantee of Federal Supply's primary obligation to him. Further, the assignment in no way deprived him of his right to enforce his claim in Florida against Federal Supply under the contract of assignment.
Lakewood Pipe's only contact with Florida was becoming a party, together with a Florida corporation, to a contract of assignment which guaranteed an obligation. Dr. Rubaii did not contract for the guarantee and was not a party to the contract of assignment. Under these circumstances, Lakewood Pipe had insufficient contact with Florida to permit Florida courts to exercise personal jurisdiction over it.
In light of its conclusion that Lakewood Pipe had sufficient contact as a matter of law by virtue of its guarantee of Federal Supply's brokerage obligations, the trial court did not determine if Lakewood Pipe had any other contacts with Florida sufficient to enable that court to assert jurisdiction over Lakewood. Thus, we reverse the trial court's order denying Lakewood Pipe's motion to quash service of process, remand, and direct the court to determine if Lakewood had other contacts which would enable Florida to assert jurisdiction under Section 48.193(1).
Lakewood Pipe has made a prima facie showing of lack of jurisdiction in the affidavit of its General Manager. Therefore, on remand, Dr. Rubaii will have the burden of establishing jurisdiction "by affidavit or other proof and not just by reiteration of the complaint." Dublin Co. v. Penninsular Supply Co., 309 So.2d 207, 208 (Fla. 4th DCA 1975).
GRIMES, C.J., and SHAFER, ROBERT T., Jr., Associate Judge, concur.
NOTES
[1] Delcher served Madax under Section 48.193(1)(g), Florida Statutes (1977), which states:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
.....
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.