McCORD, Judge.
Appellant Wilks appeals from the trial court’s order dismissing his complaint as to appellee Esmark on the ground of lack of in personam jurisdiction. ' We find that the Florida long-arm statute does reach Esmark in this case and, therefore, we reverse.
Appellant filed a complaint against two foreign corporations — his employer, Swift and Swift’s parent company, Esmark— seeking relief from a denial of pension benefits. In its answer, Esmark moved to dismiss the complaint as to it, asserting insufficient contacts with the state. The record shows that Swift does business in Florida. The pension plan under which appellant was covered was entitled “Esmark Pension Plan.” The plan covered employees of Es-mark or any of its participating U.S. subsidiary companies, of which Swift was one. A printed pamphlet explaining the pension plan to employees is contained in the record. That pamphlet shows:
Esmark, Inc., administers the Plan and acts as the Plan fiduciary. The board of directors of Esmark, Inc., appoints the members of the Pension Board annually. The Pension Board consists of four members. This Board acts for Esmark, Inc., in administering the Plan. Although the Pension Board cannot alter the terms, conditions or benefits of the Plan, it does make the decisions regarding questions, interpretations and application of any Plan provisions.
All of the Plan’s funds are held in the Esmark, Inc., Pension Trust under a trust agreement with Bankers Trust Company of New York.
Appellant’s uncontradicted affidavit in the record shows that “all pension benefits were to be paid in Jacksonville.”
Section 48.193(l)(g), Fla.Stat., provides that a person submits himself to jurisdiction in this state if he “breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.” Appellant’s complaint alleged *1365 that Esmark breached its contract with appellant regarding the pension plan, and his affidavit alleged that the pension benefits were to be paid in Jacksonville, Florida. Appellant’s pleadings were sufficient to subject Esmark to in personam jurisdiction in Florida pursuant to § 48.193(l)(g). In contending that the long-arm statute does not reach it, Esmark argues that the trustee of the pension plan trust may be a necessary party in this suit, a question which is not properly before us at this time and upon which we make no ruling; nevertheless, Esmark is a proper party at this point and is subject to jurisdiction in the State of Florida pursuant to the above-cited authorities.
REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.