**Tommy E. THOMPSON, Plaintiff,**

v.

**Roy E. KING, Defendant.**

No. 81–92–Civ.–Oc.

United States District Court,
M. D. Florida,
Ocala Division.

Sept. 10, 1981.

**182**

Thomas R. Ray, Caven & Clark, Jacksonville, Fla., for plaintiff.

Franklin D. Beattie, Jr., Aiken, S. C., for defendant.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court upon motion of defendant to quash service and dismiss. In support of his motion, defendant argues that service of the summons and complaint upon him was defective due to the absence of any basis for the Court to obtain in personam jurisdiction.

The complaint alleges breach of a contract by which the defendant was to pay plaintiff the sum of $40,000 for plaintiff's 50 percent interest in a partnership entered into by plaintiff and defendant. The partnership was engaged in the business of constructing buildings and refrigeration systems in Dubai, United Arab Emirates, doing business under the name of Arabian Gulf Services. The contract at issue was entered into at Dubai.

Diversity of citizenship provides the basis for federal subject matter jurisdiction. Plaintiff is a resident of Wildwood, Florida. Defendant is a resident of Warrenville, South Carolina. The summons and complaint were personally served on defendant at his home in South Carolina by a Deputy United States Marshal on May 28, 1981. Of course, the general rule is that federal service of process extends only to the territorial boundaries of the state in which the district court is held, unless authorized by statute or the Federal Rules of Civil Procedure. Fed.R.Civ.P. 4(f).

Rule 4(d)(7) provides that service upon an individual may be made "in the manner prescribed by any statute of the United States *or in the manner prescribed by the law of the state in which the district court is held.*" (Emphasis added). Prior to 1963, it was arguable that the simple reference to "manner" of service was limited to the mechanics or technical requirements involved in effecting service upon the defendant. 4 C. Wright & A. Miller, Federal Practice and Procedure, Section 1113 (1969). Any uncertainty on this point was eliminated in 1963, when Rules 4(d)(7), 4(e) and 4(f) were amended. *Id.* Rule 4(e) now makes clear that the reference to state law permits reliance not only upon the technical aspects of effecting service under state law, but also allows the Court to rely upon the circumstances under which the state law permits extraterritorial jurisdiction. It provides in pertinent part:

> Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, . . . *service may . . . be made under the circumstances and in the manner prescribed in the statute or rule.* (Emphasis added).

There is no question that the *manner* in which service was effected upon the defendant herein was proper. Florida Statutes § 48.031 (1979) sets forth the manner by which in-state service upon an individual is to be effected:

(1) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Florida Statutes § 48.194 (1979) provides that service on persons outside the state shall be made in the same manner as service on persons within the state "by any officer authorized to serve process in the state where the person is served."

■ Clearly, the Deputy United States Marshal in South Carolina was authorized to serve process within that state. Moreover, the manner of service on individuals prescribed in Fed.R.Civ.P. 4(d)(1) parallels that prescribed by Fla.Stat. § 48.031 (1979). Assimilating the information gleaned from the various federal rules and Florida statutory provisions discussed above, the following picture emerges:

1. Service in a federal action can be made in the manner prescribed by the state in which the district court is held (in this case, Florida).

2. Florida law permits out-of-state service if it is made in the same manner as in-state service and is made by an officer authorized to serve process in the state where the process is served.

3. Defendant King was personally served in the manner prescribed by Fed.R. Civ.P. 4(d)(1), which parallels the manner of in-state service upon an individual prescribed by Florida law.

4. The Deputy United States Marshal who served King was authorized to serve process within the state of South Carolina.

■ It logically follows from these facts that the manner of effecting service upon the defendant herein was proper. This does not end the discussion, however, as defendant contends that there is no basis for obtaining personal jurisdiction over him, even assuming that the formalities of effecting service were complied with, because neither the defendant nor the instant action have any relationship to the state of Florida. In other words, defendant argues that neither Florida's long-arm statute, Fla.Stat. § 48.-193 (1979), nor notions of minimum contact grounded in due process would support a finding that the Court has obtained in personam jurisdiction of the defendant. The Court disagrees.

■ As previously noted, Fed.R.Civ.P. 4(e) permits a federal court to extend the territorial reach of its process under the circumstances prescribed by a statute of the state in which the district court is held. This allows the federal court to invoke the provisions of a state long-arm statute. *Prejean v. Sonatrach, Inc.*, 5 Cir., 1981, 652 F.2d 1260; 4 C. Wright & A. Miller, Federal Practice and Procedure § 1068 (1969).

■ Where in personam jurisdiction is obtained through service of process pursuant to a state long-arm statute, the threshold question in evaluating the validity of the service is whether the statutory requirements have been met. Only if the statute authorizes the exercise of jurisdiction is it necessary to reach the question of whether the asserted jurisdiction passes constitutional muster. *Prejean v. Sonatrach, Inc., supra*, at 1264. It appears from the Florida cases cited by plaintiff that the Florida long-arm statute authorizes out-of-state service upon a non-resident under the instant factual situation.

Florida Statutes § 48.193 (1979), Florida's long-arm statute, provides in pertinent part as follows:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person, and if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

\* \* \* \* \* \*

(g) breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

The complaint filed herein alleges that plaintiff is a citizen of Wildwood, Florida, which lies within the Ocala Division of the Middle District of Florida. Paragraph 9 of the complaint sets forth that "at the time of providing Exhibit 'A' [the contract at issue] to plaintiff, defendant again expressly agreed to make payment to plaintiff at Wildwood, Florida, and to do so within the first two months of the year 1981." Plaintiff contends that the failure to make such payment at Wildwood, Florida constituted a failure to perform an act "required by the contract to be performed in this state." Fla.Stat. § 48.193(1)(g) (1979).

In support of this contention, plaintiff cites *Professional Patient Transportation, Inc. v. Fink*, 365 So.2d 209 (3d D.C.A. Fla. 1978), wherein the Third District Court of Appeal held that the mere allegation in the complaint that the defendants had breached their agreement to make payment in the state of Florida for services rendered to them by the plaintiff outside the state was sufficient to confer Florida jurisdiction under Florida Statutes § 48.193(1)(g) (1979). The court stated:

> The trial judge quashed the service of process attempted on the non-resident defendants, under the Florida long-arm statute, notwithstanding the allegation in the complaint that they had breached their agreement to make payment in the State of Florida for services rendered to them by the plaintiff outside the state. As the court held in the controlling case of *Madax International Corp. v. Delcher Intercontinental Moving Services, Inc.*, 342 So.2d 1082 (2d D.C.A. Fla. 1977), this breach, which amounted to the defendants' 'failure to perform acts required by the contract to be performed in this state,' under Fla.Stat. § 48.193(1)(g),

(1975), was sufficient to confer Florida jurisdiction over the defendants.

*Id.* at 210; *see also Wilks v. Swift & Company*, 382 So.2d 1364 (1st D.C.A. Fla. 1980).

■ Thus, under Florida law, the allegation in the complaint that defendant promised to pay the $40,000 to plaintiff at Wildwood, Florida is sufficient to confer jurisdiction under § 48.193(1)(g). The allegation in the complaint is buttressed by the affidavit filed by plaintiff wherein he sets forth that the parties expressly agreed and understood that plaintiff would relinquish his interest in the partnership and return home to Wildwood, Florida and that all payments made pursuant to the contract would be made at that location. On the other hand, defendant's affidavit states that the parties contemplated that all payments would be made in the United Arab Emirates.

■ The burden of proving jurisdiction when faced with a motion to quash and dismiss is upon the plaintiff. *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). In considering the question, the court may properly receive and weigh affidavits. *See, e. g., Bowman v. Curt G. Joa, Inc.*, 361 F.2d 706 (4th Cir. 1966); *see generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1351 (1969). Any conflict in the affidavits or pleadings should be resolved in favor of the plaintiff. *Atlantic Lines, Ltd. v. M/V Domburgh*, 473 F.Supp. 700, 703 (S.D. Fla. 1979); *Wessel Co. v. Yoffee & Beitman Management Corporation*, 457 F.Supp. 939 (D.Ill.1978). Consequently, for the purpose of determining whether the Court has acquired in personam jurisdiction over the defendant, the Court accepts as true plaintiff's allegation that the $40,000 payment was to be made at Wildwood, Florida.[1]

1. The Court is in no way ruling upon the merits of this action at this stage. The allegation that the payment was to be made at Wildwood, Florida is accepted *only* in connection with the consideration of the motion to quash service and dismiss. When faced with a motion to dismiss for lack of jurisdiction over the person, the plaintiff may meet his burden of proof by a prima facie showing that jurisdiction was conferred by service under a long-arm statute.

*O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir. 1971). Of course, regardless of the degree of proof required initially, by the end of the trial, plaintiff must prove by a preponderance of the evidence sufficient facts supporting the jurisdiction of the Court. *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978).

Having found that Florida's long-arm statute is applicable, the Court will proceed to consider the constitutional question, i. e., whether the defendant and/or the cause of action bear a sufficient relationship to the state of Florida such that it would be fair and reasonable to force the defendant to come into this forum and defend the action. The defendant's sole contact with the state of Florida was his alleged promise to make payment to the plaintiff at Wildwood, Florida. Obviously, the instant cause of action arose in connection with that contact.

The due process cases such as *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), focus upon the quality and nature of the defendant's contact with the forum state. The inquiry should be directed to the question of whether the contract arose as a result of the defendant's intentional conduct, as opposed to arising merely fortuitously. *Prejean v. Sonatrach, Inc., supra*, at 1267–68. The notion is that if a defendant's contact with the forum is deliberate, he is put on reasonable notice that he is subject to being sued there. *Id.* at 1269 n.16. This is particularly true where, as in the instant case, there is a nexus between the defendant's contact with the forum and the cause of action. There can be no doubt that Florida Statutes § 48.193(1)(g), which predicates jurisdiction upon the breach of a contract within the state of Florida by failing to perform acts required by the contract to be performed within the state of Florida, satisfies the due process requirements of the Constitution. Breaching a contract by failing to perform acts required to be performed within a particular state creates reasonably foreseeable consequences within

that state. As such, maintenance of a lawsuit within that state founded upon breach of the contract does not offend traditional notions of fair play and substantial justice. *Prejean v. Sonatrach, Inc., supra*, at 1268.

The defendant's alleged promise to pay plaintiff $40,000 at Wildwood, Florida constituted an affirmative decision by defendant to create a substantial contact with the state of Florida. The agreement to perform the contract in Florida could not be considered a de minimis contact. It represented a major obligation on the part of defendant and created a major expectation on the part of plaintiff. Certainly, breach of the contract created reasonably foreseeable consequences within the state of Florida.

Accordingly, the motion to quash and dismiss will be denied and the Court will retain jurisdiction over the defendant. Defendant will be given thirty (30) days from the date of this order to file an answer in this cause and to file a written designation and consent-to-act on the part of some member of this bar, resident in Florida, upon whom all notices and papers may be served, pursuant to Local Rule 2.02(a)(1), Middle District of Florida.[2]

It is so

ORDERED:

1. The motion of defendant to quash service and dismiss is hereby denied.

2. Defendant shall file an answer in this cause within thirty (30) days from the date of this order.

3. Pursuant to Local Rule 2.02(a)(1), Middle District of Florida, defendant shall, within thirty (30) days from the date of this order, file a written designation and con-

---

2. Local Rule 2.02(a), Middle District of Florida, reads as follows:

(a) Any non-resident attorney who is a member in good standing of the bar of any District Court of the United States, outside the State of Florida, may appear specially and be heard in any case in which he is counsel of record, without formal or general admission; provided, however, such privilege is not abused by frequent or regular appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in the State of Florida; and provided further:

(1) Whenever a non-resident attorney appears as counsel by filing any pleading or paper in any case pending in this Court, he shall, within ten days thereafter, file a written designation and consent-to-act on the part of some member of the bar of this Court, resident in Florida, upon whom all notices and papers may be served; provided, however, the Court may waive such designation for good cause shown.