415 So.2d 114 (1982)
ENGINEERED STORAGE SYSTEMS, INC., a California Corporation, Appellant,
v.
NATIONAL PARTITIONS & INTERIORS, INC., a Florida Corporation, Appellee.
No. 82-489.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Moraitis, Cofar & Karney, Nancy Little Hoffmann, and Cathy Jackson Burris, Fort Lauderdale, for appellant.
Gelb & Spatz and Carl Spatz, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
In a contract action based upon a failure or refusal to pay money due, where there is no stipulation as to place of payment, the cause of action accrues where the default occurred which is necessarily the *115 place where the creditor resides. Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA (1979); Madax International Corporation v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966).
Florida courts have jurisdiction over the parties and subject matter in a suit brought by a resident plaintiff against a nonresident defendant for failure of defendant to perform acts required by the contract to be performed in this state, provided only that the nonresident defendant has been properly served. Madax International Corporation v. Delcher Intercontinental Moving Services, Inc., supra; § 48.193(1)(g), Fla. Stat. (1979).[1]
Where jurisdiction over the party is satisfied pursuant to Section 48.193(1)(g), the court need not determine whether the defendant also operates, conducts, engages in, or carries on a business in the state pursuant to Section 48.193(1)(a), Florida Statute (1979). Wilks v. Swift and Company, 382 So.2d 1364 (Fla. 1st DCA 1980); Professional Patient Transportation, Inc. v. Fink, 365 So.2d 209 (Fla. 3d DCA 1978); Madax International Corporation v. Delcher Intercontinental Moving Services, Inc., supra; First National Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977); Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975). See also Bank of Wessington v. Winters Government Securities Corp., 361 So.2d 757 (Fla. 4th DCA 1978) (jurisdiction could not be invoked under Section 48.193(1)(g), Florida Statutes because no breach of contract in this state; act as required by the contract was to be performed in another state).[2] The statute plainly states that by doing any one of the acts enumerated, a nonresident person submits to the jurisdiction of the courts of this state for a cause of action arising from the doing of one of those acts.[3]
*116 The order denying defendant's motion to abate for lack of jurisdiction over the person is
Affirmed.
NOTES
[1] There is no challenge here to service of process.
[2] 48.193. ACTS SUBJECTING PERSONS TO JURISDICTION OF COURTS OF STATE

(1) any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
[3] Appellants call our attention to two cases from a sister district, Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla. 2d DCA 1979) and Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979), which suggest that if Section 48.193(1)(g), Florida Statutes is interpreted to subject a nonresident to jurisdiction of this state for a breach of contract in this state without a showing of other minimum contacts, the subsection might be unconstitutional, citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We disagree. A reading of the statute to require the doing of more than one of the enumerated acts, even for the limited purpose of avoiding a perceived constitutional problem, would be strained.

Federal courts have observed that Florida's long-arm jurisdiction statutes, generally, satisfy constitutional requirements. See Mallard v. Aluminum Co. of Canada, Ltd., 634 F.2d 236 (5th Cir.1981); Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162 (S.D.Fla. 1981); Kellan v. Holster, 518 F. Supp. 175 (M.D.Fla. 1981). Federal court review of Section 48.193(1)(g), alone, as a sole basis for jurisdiction over a nonresident has been limited, but Poston v. American President Lines, Ltd., 452 F. Supp. 568 (S.D.Fla. 1978), seems to agree with the Second District's holding in Lakewood Pipe, supra and Osborn v. University Society, Inc. supra, that constitutional requirements are not met by relying solely on Section 48.193(1)(g), Florida Statutes.
In Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla. 1981), the Supreme Court upheld the constitutionality of subsection 48.193(1)(f) (doing of an act or an omission outside the state by a nonresident defendant which causes injury to a person within the state), with a specific holding that the International Shoe minimum contact test can be met even though there is no direct presence or activity of the defendant within the borders of Florida. But see strong dissent of Justice Sundberg with which Justice England concurs. Applying the rationale of Ford Motor Co., supra, subsection 48.193(1)(g) could likewise be found not offensive to traditional notions of due process and fair play. Accord, General Time Corp. v. Eye Encounter, Inc., 50 N.C. App. 467, 274 S.E.2d 391 (1981) (while mere act of entering into a contract with North Carolina resident does not constitute minimum contacts for exercise of jurisdiction over non-resident, a single contract to be performed in North Carolina is sufficient to subject nonresident corporation to suit).