449 So.2d 974 (1984)
David R. KANE, George F. Mann and Marvin H. Adler, Appellants,
v.
The AMERICAN BANK OF MERRITT ISLAND, Appellee.
No. 83-1142.
District Court of Appeal of Florida, Fifth District.
May 10, 1984.
*975 Charles M. Harris and Richard E. Stadler of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellants.
John P. Ingle, III, and John L. Soileau of Spielvogel & Goldman, P.A., Merritt Island, for appellee.
COBB, Judge.
The appellants, David R. Kane, George F. Mann and Marvin H. Adler, guarantors on a defaulted note payable in Brevard County, Florida, were personally served with process in New York, New Jersey and Illinois, respectively, pursuant to section 48.193(1)(g), Florida Statutes (1981).[1] Appellants filed motions to quash the service, with affidavits attached to the motions showing that the guaranties were executed outside the state of Florida. The motions were denied, and this appeal ensued pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
A preliminary issue is whether or not the legal presumption that a debt is to be paid at the creditor's place of business, in the absence of an express designation of place of payment, is sufficient to satisfy the language of Florida's long arm provision that refers to contractual acts "required" to be performed in Florida. We agree with our sister court, the Third District Court of Appeal, that this presumption satisfies the statute. See Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982). The statute, by its clear and unequivocal terms, fits the instant factual situation. A guaranty is a contract and appellants breached their contracts, which were required to be performed in Florida.
The real question is whether or not section 48.193(1)(g) applied to nonresident guarantors such as Kane, Mann and Adler, comports with constitutional due process under the fourteenth amendment of the United States Constitution. In urging a negative answer to this question, the appellants rely on Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), for the proposition that in order to justify long arm jurisdiction, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." They contend that their executions of the guaranties do not constitute a "minimum contact" with the State of Florida as that term was defined in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We note that even though a defendant comes within the nominal reach of the provisions of Florida's long arm statute, he may still challenge jurisdiction on constitutional grounds. Pennington Grain & Seed, Inc. v. Murrow Bros. Seed Co., Inc., 400 So.2d 157 (Fla. 1st DCA 1981).
The argument of the appellee/bank for upholding the validity of the statute and the process effectuated upon the individual appellants is based upon the contact between the guarantors and the promisee as set forth in the appellee's brief:
Who is the promise made to? To the Bank, in Florida. To whom was it delivered? To the Bank, in Florida. Who is being induced to rely upon the Guaranty? *976 The Bank, in Florida. Who did, in fact, rely upon the Guaranty? The Bank, in Florida. So induced and so relying, to whom did the Bank loan money? To AADS, a Florida corporation, in Brevard County, Florida. Where was the loan so induced to be paid? To the Bank, in Florida. If AADS failed to pay, to whom did the Guarantor promise to pay? To the Bank, in Florida. Having failed to pay, where is the Guarantor being sued? In Florida, where the contract was breached.
These are more than sufficient "minimum" contacts with Florida. This portion of the International Shoe test, ... has been met. We next deal with the reasonable expectations of the Guarantors and the notion of "fair play".
Anyone, especially experienced businessmen such as the Guarantors, who executes a Guaranty like the one involved here, has to have in mind the possibility that he will some day be called upon to honor his promise. He executed the Guaranty for the purpose of causing an effect  causing reliance and the extension of credit to the debtor. He succeeded, credit was extended, but now the debtor has defaulted, and the Guarantor is to be called upon to honor his promise. It is certainly within the reasonable expectations of the Guarantor that he will be called upon to honor his promise in the forum where he intended to cause an effect, where he did in fact cause an effect, where he promised to perform, and where he failed to perform.
Under these circumstances, it does not offend "traditional notions of fair play and substantial justice" for the Guarantor to be required to answer for his promises in a Florida forum. Rather, as the Supreme Court said in World-Wide Volkswagen, "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."[2] (Emphasis in original.)
Other Florida appellate courts have upheld and applied section 48.193(1)(g) in situations where an out-of-state party to a contract requiring performance within this state has breached that contract. See Engineered Storage Systems, Inc.; Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981); and Dublin Co. v. Peninsular Supply Co., 309 So.2d 207 (Fla. 4th DCA 1975); But see, Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475 (Fla. 2d DCA 1979), dismissed, 383 So.2d 1201 (Fla. 1980), and Osborn v. University Society, Inc., 378 So.2d 873 (Fla. 2d DCA 1979). For that matter, so has this court, although that can be discerned only from the dissent. James Carroll Associates v. Video Applications, Inc., 421 So.2d 3 (Fla. 5th DCA 1982).
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 48.193(1)(g) provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
[2] The case reference is to World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).