Bernard **MOLTZ**, Plaintiff,

v.

**SENECA BALANCE, INC., Milford C. Scheeler, Jr., Albert D. Hawkins, Jr., and Joseph Jurkowski, Jr., Defendants.**

**No. 85–8163–CIV–GONZALEZ.**

United States District Court, S.D. Florida, N.D.

April 16, 1985.

Lyman Reynolds, West Palm Beach, Fla., for plaintiff.

Stephen Hall, West Palm Beach, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendants' motion to dismiss plaintiff's complaint for lack of *in personam* jurisdiction.

Plaintiff originally brought this action in state court to enforce a Promissory Note against three individual guarantors and the primary obligor. Defendants properly removed the case to the federal forum pursuant to 28 U.S.C. § 1441(a) because it was an action over which the federal district court had original jurisdiction under 28 U.S.C. § 1332(a)(1).

Plaintiff Bernard Moltz is a Florida citizen and resident of Brevard County, Florida; defendant Seneca Balance, Inc. is a Nevada corporation with its principal place of business in the State of New York; defendants Milford S. Scheeler Jr., Albert D. Hawkins, Jr. and Joseph Jurkowski, Jr. are residents and presumably citizens of the State of New York.

On January 1, 1984, defendant Seneca Balance, Inc. executed a Promissory Note with plaintiff in Boca Raton, Florida as part of a stock purchase agreement. The Note provides for payment to plaintiff in Florida, and is governed by the laws of the State of New York.

On the same day, defendants Scheeler, Hawkins and Jurkowski individually executed a Guaranty on the Promissory Note in the State of New York. The Guaranty provides that the individual defendants would guarantee payment on the Note in the event that Seneca Balance, Inc. defaulted on its payments. The Guaranty is governed by the laws of the State of New York, but it does not state the place where payments are to be made.

When Seneca Balance, Inc. failed to timely pay an installment on October 15, 1984, plaintiff exercised its right under the Note to accelerate payments on the balance due. As of October 15th, that amount totalled $114,583.28 plus interest accrued at a rate of 10% per annum since September 15, 1984. On December 21, 1984, plaintiff notified the individual defendants that Seneca Balance, Inc. had defaulted on the Note they had individually guaranteed, and therefore demanded immediate payment of the unpaid principal and accrued interest.

Shortly thereafter, Seneca Balance, Inc. filed suit in federal district court in New York seeking damages from Bernard Moltz based on fraud, failure of consideration, breach of contract and unjust enrichment.

Plaintiff then filed his complaint in a Florida state court on January 30, 1985. Defendants removed the case to this court on March 13th, and subsequently filed the motion to dismiss that is the subject of this decision. In reviewing this motion, the court is cognizant that the plaintiff's various claims should not be dismissed for lack of *in personam* jurisdiction unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish personal jurisdiction over the defendants. *McKinnis v. Mosley*, 693 F.2d 1054, 1058 (11th Cir.1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

Defendants object to this court's exercise of personal jurisdiction over them because they contend first, their activities do not fall within the ambit of Florida long-arm statute 48.193(1)(g); and second, even if Section 48.193(1)(g) applies, defendants' contacts in or with Florida are insufficient to satisfy constitutional due process concerns.

The issue of *in personam* jurisdiction in a federal diversity action is governed by the law of the state in which the federal court sits, *Gordon v. John Deere Co.*, 466 F.2d 1200, 1200 (5th Cir.1972), and

thus this court looks to Section 48.193(1)(g) for guidance. That Section provides in pertinent part:

Any person whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

. . . .

Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

Defendants submit that they are not amenable to service under Section 48.-193(1)(g) because the plaintiff has not alleged facts sufficient to demonstrate that the subject contract required the defendants to perform any acts in Florida.

 Florida courts require substantial proof before they are willing to authorize *in personam* jurisdiction over a non-resident defendant under Section 48.193(1)(g).

Before in personal jurisdiction may attach over a defendant, proper allegations must be pled to show that the defendant failed to perform an act or acts whose performance was to be in Florida and that such breach formed the basis for the cause of action for which relief is sought by the Plaintiff.

*Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.,* 362 So.2d 367, 368 (Fla. 4th DCA 1978). Once the plaintiff alleges these facts, the burden shifts to the defendant to make a prima facie showing of the inapplicability of the long-arm statute. If the defendant sustains this burden, then the plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations

in the complaint." *Bloom v. A.H. Pond Co.,* 519 F.Supp. 1162, 1168 (S.D.Fla.1981) (relying on *Cosmopolitan* ).

 Under the *Cosmopolitan/Bloom* test, the plaintiff must first allege facts which clearly justify the application of Section 48.193(1)(g) as a matter of law. Plaintiff's complaint and other pleadings show that the Promissory Note, stock purchase agreement, Guaranty, pledge agreement and an employment agreement all were drafted in Florida; and that Mr. Moltz signed the stock purchase agreement in Florida, too. The court further notes that under Florida law, a debt is presumed to be paid at the creditor's place of business—here Florida—absent a contractual provision to the contrary. *See Madax International Corp. v. Belcher Intercontinental Moving Services, Inc.,* 342 So.2d 1082, 1084 (Fla. 2nd DCA 1977).

The court finds that these allegations and pleadings are sufficient to satisfy the initial pleading requirements of the *Cosmopolitan/Bloom* test in general, and Section 48.193(1)(g) in particular.

Under *Cosmopolitan* and *Bloom,* the burden of production now shifts to the defendants to make a prima facie showing of the inapplicability of the Florida long-arm statute.[1] To satisfy this requirement, the defendants submit that the Guaranty does not specify where payment is to be made, and that all defendants have no contacts with Florida but for the subject agreements.

Defining what constitutes a prima facie showing is difficult because the evidentiary burden is in large part abstract. Black's Law Dictionary defines a prima facie case as one "which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to [the] contrary is disregarded." Black's Law Dictionary 1353 (rev. 4th ed. 1968). According to au-

---

**1.** This distribution of evidentiary burdens comports with the law in this jurisdiction. *See Bittar v. Air Canada,* 512 F.2d 582, 583–84 (5th Cir.1975); *Sabatino v. Curtis National Bank,* 446 F.2d 1046, 1055 (5th Cir.1971) ("[W]hen the party having the burden of proof makes a prima facie case, the burden of proof does not shift to the opposite party, but [the opposite party] is only required to come forward with some evidence to rebut such a prima facie case."); *Willingham v. Secretary of Health, Education & Welfare,* 377 F.Supp. 1254, 1257 (S.D.Fla.1974).

thors Wright and Miller, a prima facie case is one which entitles the complainant "to an affirmative judgment against the defendant" unless the latter adduces contradictory proof. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 116 n. 71 (1969). The touchstone of both definitions is the existence of some pleadings, supported by fact and law, that entitles the pleader to some relief unless facts or law to the contrary is presented.

 In this case, neither the facts nor the law support defendants' position that Florida's long-arm statute is inapplicable. The complaint clearly shows that at least one of the agreements in question—the Promissory Note—requires payment to plaintiff in Florida. This constitutes the performance of an act in Florida the failure of which falls within the ambit of Section 48.193(1)(g). The fact that the Guaranty does not specify the place of payment does not militate against the plaintiff. *See Madax, supra.*

Finding that Florida's long-arm statute does apply in this case, the court must next decide whether defendants' contacts with the forum state are legally sufficient to satisfy due process concerns. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

 Florida law recognizes that a person (or business) who (which) executes a contract requiring the performance of some acts in that state does have "minimum contacts" with the forum. For example, in *Devlin & Devlin, Inc. v. Goracy*, No. 83–6449–CIV–JAG slip op. at 3 n. 2, (S.D.Fla. 1984), this court held that a lease agreement requiring the payment to a Florida citizen of commissions on the sale or rental of certain apartments located in Florida satisfied federal due process requirements.

Likewise, in *Madax International Corp. v. Delcher Intercontinental Moving Services, Inc.*, 342 So.2d 1082 (Fla. 2nd DCA 1977), the court held that it had personal jurisdiction over an Oregon corporation that refused to pay a Florida entity that had moved the furniture and automobiles of one of the Oregon corporation's employees out of Florida. The court reasoned that the Oregon corporation had minimum contacts with Florida because it was a party to the contract sued on and the primary obligor under it.

The Second District Court of Appeal distinguished *Madax* in *Lakewood Pipe of Texas, Inc. v. Rubaii*, 379 So.2d 475 (Fla. 2nd DCA 1979). Lakewood Pipe was a Texas corporation and assignee of certain contract rights of a Florida corporation. Under the terms of the contract, Lakewood Pipe had to guarantee payment of brokerage commissions generated by the Florida corporation. When the Florida corporation filed bankruptcy proceedings, Rubaii—the person to whom the commissions were to be paid—asserted his claim for brokerage services in connection with the activities of the Florida corporation. Lakewood Pipe moved to quash service of process, and the appellate court complied, holding that a guarantee of a contractual obligation requiring payment to be made to a creditor in Florida does not constitute sufficient contact with Florida to permit that state to exercise jurisdiction over the guarantor under Section 48.193(1)(g).

Of significance to the *Lakewood* court, and the factor distinguishing that case from *Madax*, was the fact that Rubaii was not a party to the contract at issue. Rather, he had merely become a gratuitous beneficiary of a guarantee of an assignor. Furthermore, the assignment did not deprive Rubaii of his right to enforce his claim in Florida against the assignor under the contract of assignment.

 *Madax* and *Lakewood* are instructive in this case. Seneca Balance, Inc. executed a contract with Barnard Moltz requiring the former to pay the latter in Florida. *Madax* makes clear that Seneca Balance's failure to pay Mr. Moltz gives rise to the contacts necessary to pass constitutional muster. Seneca Balance, Inc. clearly is a party to the Promissory Note sued on and the primary obligor under it.

The other contract at issue is the Guaranty executed by defendants Scheeler, Hawkins and Jurkowski. That agreement provides that the named individuals would guarantee Seneca Balance's payment under the Promissory Note. Like Rubaii in *Lakewood*, plaintiff here is the beneficiary of a guarantee. But unlike Rubaii, the guarantee here was the result of (allegedly) bargained for consideration. Moreover, Bernard Moltz *is* a party to the Guaranty and is not a gratuitous beneficiary of that agreement. The record indicates that the individual defendants had reason to believe that they were engaging in business in Florida: the underlying Promissory Note secured payments on a stock transfer with a Florida citizen and required payments to be made in that state; and the Guaranty was executed for consideration and presumably required payment to plaintiff in Florida, too. The fact that the individual defendants neither own property nor have business agents in this state is not dispositive because they executed a contract that expressly contemplated their doing business with a Florida citizen in Florida.

Accordingly, the defendants' motion to dismiss be the same is hereby DENIED.