536 So.2d 394 (1989)
Jean E. HARRIS, Appellant,
v.
CARIBANK, a Florida Banking Association, and A.T.H. Corporation, Etc., et al., Appellees.
Howard Harris, Appellant,
v.
Caribank, a Florida Banking Association, and A.T.H. Corporation, Etc., et al., Appellees.
Nos. 88-1665, 88-1666.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
*395 Ronald E. D'Anna of Mattlin, McClosky & North, Boca Raton, for appellants.
Scott B. Newman and Christopher N. Bellows of Holland & Knight, Miami, for appellee-Caribank.
ANSTEAD, Judge.
This is an appeal from a non-final order denying a motion to dismiss for lack of personal jurisdiction. This court has jurisdiction to hear this appeal pursuant to section 9.130(a)(3)(c)(i), Florida Rules of Appellate Procedure. See also Fibreboard Corp. v. Ward, 455 So.2d 1151 (Fla. 1st DCA 1984) (non-final order denying motion to dismiss for lack of jurisdiction was appealable). We affirm.
The appellee, Caribank, brought an action against the appellants, Howard and Jean E. Harris, as guarantors of a loan made by Caribank, a Florida banking association, to ATH Corporation, a Florida corporation. The complaint alleged that Caribank loaned money to ATH for improvements on condominium buildings located in Coral Springs, Florida, and that ATH executed and delivered a mortgage agreement and a note to Caribank. It was also alleged that the Harrises individually executed and delivered personal guarantees to Caribank for payment of the loan in case of default by ATH and that ATH defaulted on its payments. The loan documents and the guaranties were attached to the complaint and contained a choice of law clause that specified Florida as the place of the agreement and the jurisdictional forum for deciding legal disputes between the parties.
To obtain in personam jurisdiction over a nonresident defendant, the plaintiff has the burden of pleading sufficient facts to permit Florida courts to exercise jurisdiction. Cosmopolitan Health Spa, Inc. v. Health Industries Inc., 362 So.2d 367 (Fla. 4th DCA 1978). Section 48.193(1)(g), Florida Statutes (1987), provides that a foreign resident who breaches a contract in Florida, by failing to perform acts in Florida required by the contract, submits itself to the jurisdiction of Florida. However, to fall within the scope of section 48.193(1)(g), a foreign resident must have an association with Florida other than just being a party to a contract with a choice-of-law provision specifying Florida as the jurisdictional forum. McRae v. J.D./M.D. Inc., 511 So.2d 540 (Fla. 1987). See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A plaintiff must show that a foreign defendant has sufficient contacts with a forum state so that an assertion of jurisdiction would comport not only with a state's jurisdictional scheme but also with fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986), the Florida Supreme Court adopted a test espoused by this court in Maritime Limited Partnership v. Greenman Advertising Associates, Inc., 455 So.2d 1121 (Fla. 4th DCA 1984), for enforcing forum selection clauses.[1] In Maritime, a contractual provision designating Florida as the judicial *396 forum was upheld because one of the parties was located in Florida, and because part of the contract was to be performed in Florida. Id. at 1123. Typically, contacts that have been found sufficient to invoke Florida's jurisdiction have involved a party to a contract that resided in Florida; an agreement to be performed in Florida; or an agreement negotiated in Florida. Id. Jefferson Savings and Loan Association v. The Greenman Group Inc., 531 So.2d 428 (Fla. 4th DCA 1988); Unger v. Publisher Entry Service Inc., 513 So.2d 674 (Fla. 5th DCA 1987); Kane v. American Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984).
In the instant case, the guaranty agreements do not clearly specify the place of payment. However, they do state that Caribank may control the place of payment, and that in the case of default by the guarantors, the appellee's payment would be to Caribank, a Florida banking association, on a mortgage on property located in Florida. When a promissory note does not mention the place of payment, it is payable at the residence of the payee. The First Nat. Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977). See also Chen v. Watter, 421 So.2d 771 (Fla. 4th DCA 1982). Given Dunham and the above facts, it would appear that payments by the guarantors, the Harrises, were to be made in Florida. The fact that payment was to be made in Florida, and the fact that payment was not made, would appear to be enough to bring the Harrises within the scope of section 48.193(1)(a). See Burger King Corp., supra; Manrique, supra.
Considering all of the circumstances of the transaction, it would appear that the exercise of Florida jurisdiction over the Harrises also complies with fair play and substantial justice. The loan agreement to which the guaranties pertain is between two Florida based entities. The purpose of the loan was to make improvements on Florida realty. The loan agreement specifically referred to the Harrises as personal guarantors of a loan to be repaid on Florida. In Kane, the court found such a reference as indicative of the fact that a Florida bank relied on the guaranties in making a loan to a Florida corporation. Kane, supra, at 976. The parties themselves agreed that Florida would be an appropriate forum to litigate. In sum, the Harrises' connection with Florida in this transaction is such that they should have reasonably anticipated being haled into a Florida court. See Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
For the reasons enunciated above, we affirm the lower court's order denying appellants' motion to dismiss.
DOWNEY and GUNTHER, JJ., concur.
NOTES
[1] Parties to a contract may agree to submit to the jurisdiction of a particular forum if 1) the forum is not chosen because of one party's overwhelming bargaining power, 2) enforcement would not contravene public policy, and 3) the purpose of such an agreement is not to transfer a local dispute to a remote and alien forum in order to inconvenience one or both of the parties.