602 So.2d 619 (1992)
Dr. John HAMILTON, Appellant,
v.
BUSINESS ASSISTANCE CONSORTIUM, INC., a Florida corporation, Appellee.
No. 91-3079.
District Court of Appeal of Florida, Third District.
July 7, 1992.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Thomasina H. Williams and Martin S. Simkovic, Miami, for appellant.
Cunningham & Self, Shawnee Lawrence Brown and Malcolm Cunningham, West Palm Beach, for appellee.
Before BARKDULL, HUBBART and GERSTEN, JJ.
BARKDULL, Judge.
The defendant appeals an order denying his motion to quash and motion to dismiss.
On July 27, 1988, Business Assistance Consortium, Inc., a Florida corporation, loaned $190,000 to Flavor Masters Food, Inc., a Florida corporation. Flavor Masters signed two promissory notes in favor of Business Assistance Consortium.[1] Dr. Hamilton signed a guaranty[2] for the loans. After Flavor Masters defaulted on the notes, Business Assistance Consortium filed this action on the guaranties.
Dr. Hamilton made a motion to dismiss the complaint and quash the service based on lack of personal jurisdiction because he is not a Florida resident and did not sign the guaranties in Florida. The trial court denied the motion and Dr. Hamilton appeals.
*620 Dr. Hamilton, contends the trial court erred in denying the motion to dismiss for lack of personal jurisdiction because the complaint fails to allege statutory basis upon which a Florida court can assert jurisdiction over Dr. Hamilton, a non-Florida resident. Dr. Hamilton claims Business Assistance Consortium failed to allege he had sufficient contacts with Florida to permit a Florida court to assert jurisdiction over him. Business Assistance Consortium alleged Dr. Hamilton failed to make payment in Florida under the guaranty of Flavor Master's obligation.
Our attention has been directed to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) out of the Supreme Court of Florida, which discussed Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In Venetian Salami Co. v. Parthenais, supra, the following is found:
"This case involves the circumstances under which Florida may obtain jurisdiction over a nonresident defendant pursuant to its long-arm statute.
* * * * * *
Long ago, the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), held that in order to subject a defendant to an in personam judgment when he is not present within the territory of the forum, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. More recently, the same Court stated that the test is whether the defendant's conduct in connection with the forum state is `such that he should reasonably anticipate being haled into court there.' World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
* * * * * *
The principle that the determination of minimum contacts will depend upon the facts was highlighted by the United States Supreme Court in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In that case, Burger King, a Florida corporation, sued a Michigan resident for breach of a franchise agreement. Burger King sought to obtain jurisdiction under section 48.193(1)(g) by asserting that the defendant failed to make required payments under the agreement in Florida. After rejecting the defendant's jurisdictional arguments, the trial court held a bench trial and entered judgment in favor of Burger King. The Eleventh Circuit Court of Appeals reversed, concluding that the court did not have personal jurisdiction over the defendant. On petition for certiorari, the United States Supreme Court observed:

* * * * * *

Instead we have emphasized the need for a `highly realistic' approach that recognizes that a `contract' is `ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.' Id. [Hoopeston Canning Co. v. Cullen, 318 U.S. 313], at 316-317, 63 S.Ct. [602], at 604-605 [87 L.Ed. 777]. It is these factors  prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing  that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

Id. [471 U.S.] at 478-79, 105 S.Ct. at 2185 (footnotes omitted). The Court then discussed the facts in detail and concluded that there was substantial record evidence to support the trial court's decision that the assertion of personal jurisdiction over the defendant in Florida did not offend due process. The Court went on to say:
We ... therefore reject any talismanic jurisdictional formulas; `the facts of each case must [always] be weighed' in determining whether personal jurisdiction would comport with `fair play and substantial justice.' Kulko v. California Superior Court, 436 U.S. 84, at 92, *621 98 S.Ct. [1690], at 1696-1697 [56 L.Ed.2d 132 (1978)]. The `quality and nature' of an interstate transaction may sometimes be so `random,' `fortuitous,' or `attenuated' that it cannot fairly be said that the potential defendant `should reasonably anticipate being haled into court' in another jurisdiction." Emphasis added.

In addition to the notes and guaranties, the limited record reflects there was a security agreement filed in the State of Florida, which reflects a bill of sale of goods located in Florida and a fair inference from the record is that these goods were purchased with the proceeds of the $90,000.00 note, and the note securing the line of credit was executed to provide funds for operating a business in Florida. Both notes are payable in Florida. The line of credit note is particularly interesting in that, among other things, it provides that the principal would be reduced by a share of the gross profits of the business here in Florida. It is also noteworthy that all the instruments were dated the same day, obviously as part of one transaction, as a result of previous negotiations between the parties.
Dr. Hamilton is a professional man with business contacts in Florida. He serves as a trustee of a college in Florida, and is active on committees in connection therewith operating in Florida, and he certainly had to be aware that in the event of a default of payments on the notes in Florida, which he guaranteed, he could "reasonably anticipate being haled into court" in Florida.
This is not the case of a guaranty of a non-Florida business obligation, such as that referred to in Venetian Salami Co. v. Parthenais, supra, or Burger King Corporation v. Rudzewicz, supra, but was part and parcel of a Florida venture registered in Florida by the corporate maker, and the debts to the Florida organization were to further a business in Florida.
All instruments being dated the same day lead to the conclusion that they were drafted as a result of prior negotiations which contemplated future consequences in Florida, to wit: an on going business venture. This is all the more evident when the guaranties not only guaranteed payments of the $90,000.00 note, the proceeds of which were used to purchase the fixtures to operate an ongoing business, but also guaranteed payment of a note extending a line of credit to the Florida maker, obviously to operate the business, which line of credit note, by its terms, was to be paid in part by a percentage of "gross proceeds".
The trial court relied on Harris v. Caribank, 536 So.2d 394 (Fla. 4th DCA 1989) in its order under review. This case is similar on facts, save and except the guaranty involved in the cited case had a choice of forum clause, but we do not find this distinction controlling, because even with a choice of forum clause, it is necessary to establish that a guarantor has minimum contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Burger King Corporation v. Rudzewicz, supra; Kane v. American Bank of Merritt Island, 449 So.2d 974 (Fla. 5th DCA 1984); McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987); Harris v. Caribank, supra.
Therefore, for the reasons stated, the trial court properly denied the motion to dismiss and quash.
NOTES
[1] One note was in the amount of $90,000.00 and used to purchase business fixtures located in Florida. This note was to be paid in Florida, and was to be construed by Florida law. The second note was a $100,000.00 note securing a line of credit to conduct a business in Florida. This note was to be paid in Florida, and was to be governed by Florida law.
[2] The guaranty was delivered in Florida to a Florida lender from New York. It secured both notes and was also to be governed by Florida law.