421 So.2d 772 (1982)
HICKOK TEACHING SYSTEMS, INC., Appellant,
v.
EQUITECH TRAINING SYSTEMS, INC., Appellee.
No. 82-944.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
*773 Brian F. Leary of English, McCaughan & O'Bryan, Fort Lauderdale, for appellant.
Susan W. Wright of Rothfeld & Popkin, Fort Lauderdale, for appellee.
DELL, Judge.
Hickok Teaching Systems, Inc., an Ohio corporation not registered to do business in the State of Florida, appeals a denial of its motion to dismiss a complaint for lack of personal jurisdiction. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
The underlying case consists of an action by appellee/seller Equitech Training Systems, Inc., A Florida corporation, to recover the purchase price of goods delivered to the appellant in Massachusetts. The original complaint alleged appellant did business in Florida thus subjecting it to jurisdiction under the Florida Long-arm statute. The trial court found appellant was not doing business in Florida and dismissed the complaint. Appellee then filed an amended complaint, basing personal jurisdiction on appellant's alleged breach of contract by failing to pay for the goods in Florida. Appellant moved to dismiss the second amended complaint for lack of jurisdiction under Florida Statute 48.193(1)(g) and filed affidavits in support of its contention that it did not breach the contract in Florida. The trial court denied the motion to dismiss and ordered appellant to answer the second amended complaint. This timely appeal followed.
The order denying appellant's motion to dismiss must be reversed because appellee failed to carry its burden of proof to show that appellant breached the contract by failing to perform acts within the State of Florida.
A plaintiff must plead sufficient material facts to establish a basis for jurisdiction under the Florida Long-arm statute. If a defendant challenges those allegations by affidavit, the plaintiff must then support its jurisdictional allegations by affidavit or other proof. Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978). The only basis for personal jurisdiction alleged in the second amended complaint consisted of appellant's breach of contract in Florida by failing to pay appellee in the State of Florida. Appellant filed an affidavit stating that while no place of payment had been specified in the contract, in prior contracts payments had been made and accepted in Canada and Ohio. The record is devoid of any subsequent affidavits or other proof offered by appellee to refute appellant's challenge to the personal jurisdiction allegations. Appellee's only affidavit contains argument in support of the allegations in the complaint but fails to establish facts necessary for personal jurisdiction over a non-resident. Appellant's motion to dismiss should have been granted.
Accordingly, we reverse the trial court's order denying the motion to dismiss and order the second amended complaint dismissed for lack of personal jurisdiction.
REVERSED and REMANDED.
LETTS, C.J., and DOWNEY, J., concur.