GEIGER, DWIGHT L., Associate Judge.
This case involves granting by the Circuit Court of Palm Beach County of appellee’s motion to dismiss appellant’s action for damages arising out of failure by appellee to make any payments on a promissory note given by it to appellant. The motion alleged that the court lacked both subject matter and personal jurisdiction of appellee. This court has jurisdiction under Fla.R. App.P. 9.130(a)(3)(C)(i).
Appellee’s motion to dismiss was accompanied by affidavit filed by the president of appellee stating that appellee is an Hawai *210 ian Corporation doing business in Honolulu, Hawaii, and that the note was not executed in the State of Florida by either party and that the note does not indicate that payment is due in the State of Florida. Further that affidavit states that appellee has not ever, done business or owned real property in the State of Florida. Appellant filed a counter-affidavit which states that appellee failed to pay the note after demand while appellant was a resident of Florida. The note is silent as to where it was executed and where payment is to be made. Appellee’s address appears on the face of the note as Honolulu, Hawaii, and appellant’s address is stated on the face of the note as Atlanta, Georgia.
Section 48.193(l)(g), Florida Statutes, provides that a person subjects himself to jurisdiction of the courts of this state if he breaches a contract in this state by failure to perform any acts required by the contract to be performed in this state. Appellant contends that because of this language the trial court erred in dismissing his complaint for lack of jurisdiction. This argument fails because the contract sued on (promissory note) does not require appellee to perform any acts in the State of Florida. More importantly, the uncontroverted facts of this case do not meet the jurisdictional minimum contacts test of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). International Shoe clearly indicates that the demands of due process, regarding a personal action against a foreign corporation, may be met only by such contacts of a defendant corporation with the forum state so as to make it reasonable to require the corporation to defend the suit in that state. Appellee, having not entered into the promissory note in the State of Florida, having not made any payments in the State of Florida, having not agreed to make any payments in the State of Florida, and further there being no indication that appellee had any reasonable expectation that it would be required by the note to have any dealings in the State of Florida, has never done business in the State of Florida so as to meet the jurisdictional minimum contacts which due process of law requires.
Based upon the above it is clear that the trial court lacked jurisdiction over the person of appellee and that the trial judge properly granted appellee’s motion to dismiss, and therefore the order of dismissal is AFFIRMED.
LETTS and HURLEY, JJ., concur.