433 So.2d 577 (1983)
Earl NEWTON, et al., Appellants,
v.
James B. BRYAN, III, Appellee.
No. 82-1260.
District Court of Appeal of Florida, Fifth District.
May 26, 1983.
Rehearing Denied June 27, 1983.
Paul H. Bowen of Swann & Haddock, P.A., Orlando, for appellants.
Roger A. Kelly of Fishback, Davis, Dominick & Bennett, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The Newtons appeal from a non-final order denying their motion to abate for lack of personal jurisdiction.[1]
Appellee Bryan was the owner of all of the common stock of a Georgia corporation located in Columbus, Georgia. The Newtons, residents of Georgia, negotiated for and purchased the stock in Georgia. As part of the consideration, they executed a promissory note for $100,000 payable in four semi-annual installments of $25,000. The note was payable to Bryan, a Florida resident, at his office in Orlando, Florida, or wherever Bryan so designated. Bryan subsequently assigned the note to the First National Bank of Columbus, Georgia, remaining liable to the bank for the first two payments. The Newtons made the first payment to the bank but failed to make the second payment. Bryan made the payment and demanded reimbursement from the Newtons. When the Newtons failed to pay, *578 Bryan filed suit against them in Orange County.
The Newtons filed a motion to abate for lack of personal jurisdiction. In support of their motion, Earl Newton filed an affidavit alleging that they were residents of Georgia, that they have not done any business in Florida, that they have not failed to do any act in Florida and are not otherwise subject to service of process issued by the circuit court. Bryan did not file any affidavits in support of jurisdiction.
Bryan obtained service over the Newtons under a "long-arm" statute, section 48.193, Florida Statutes (1981), which provides in part as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
* * * * * *
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
While both parties on appeal have discussed the essential elements and features of various types of contracts (express, implied and quasi-contracts), we conclude that the action is based on the failure to pay a promissory note and that the parties' respective rights and obligations are governed by the Florida Uniform Commercial Code. Under the code, Bryan had a breach of contract action against the Newtons. See §§ 673.413, 673.414, Fla. Stat. (1981).
The question then is whether the Newtons breached the contract by "failing to perform acts required by the contract to be performed in this state." The Newtons agreed to pay the note "at [Bryans] office in Orlando, Florida, or at such other place as [Bryan] may designate and notify the [Newtons]... ." In his affidavit, Earl Newton stated that Bryan had designated his (Bryan's) attorney's office in Columbus, Georgia, for all correspondence including payment of the note. Bryan did not controvert this statement.
In testing jurisdiction under the long-arm statute, the plaintiff must initially allege in the complaint sufficient jurisdictional facts to show compliance with the statute. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the long-arm statute. Thereafter, the plaintiff is required to substantiate the jurisdictional allegations. Pace Carpet Mills v. Life Carpet & Tile Co., 365 So.2d 445 (Fla. 4th DCA 1978). If the plaintiff fails to supply affidavits or other proof to substantiate the jurisdictional allegations, then the defendant's motion to abate for lack of jurisdiction should be granted. Hickok Teaching Systems v. Equitech Training Systems, Inc., 421 So.2d 772 (Fla. 4th DCA 1982).
Here, Bryan obtained service of process pursuant to section 48.193(1)(g) on the basis that the Newtons had breached a contract in this state by failing to perform acts required by the contract to be performed in this state. However, according to Earl Newton's affidavit, the act required by the contract, i.e., payment, was to be performed in Georgia rather than in Florida.[2] As payment was the only act alleged to have been required to be performed in Florida, and according to the Newton affidavit, this act was to be performed in Georgia, the Newtons made a prima facie showing that the long-arm statute was inapplicable. Bryan was then required to substantiate his jurisdictional allegations which he did not do.
*579 Because Bryan did not substantiate the allegation that the Newtons failed to perform acts required by the contract to be performed in this state, jurisdiction was not properly obtained under section 48.193(1)(g). More importantly, the uncontroverted facts fail to meet the jurisdictional minimum contacts test of International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).[3]See Gerard v. Pisces Sales & Marketing, Inc., 425 So.2d 209 (Fla. 4th DCA 1983).
REVERSED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(i).
[2] It could be argued that the place of payment was in the disjunctive, that is, payment was to be made either at Bryan's office in Orlando or at some other designated place. However, as Bryan did designate a place for payments to be made (according to Newton), the more logical construction would be that payment was to be made in Orlando unless and until some other location was specified.
[3] In International Shoe, the United States Supreme Court held that one not present in another state could only be subjected to the state court's jurisdiction when he has certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.