443 So.2d 411 (1984)
Alain SCORDILIS, Appellant,
v.
Marie DROBNICKI, Appellee.
No. 83-1894.
District Court of Appeal of Florida, Fourth District.
January 4, 1984.
Rehearing Denied January 31, 1984.
*412 Charles Wender of Smith, Smith & Wender, P.A., Boca Raton, for appellant.
Harvey J. Garod of Shutts & Bowen, Lake Worth, for appellee.
HURLEY, Judge.
The issue in this non-final appeal is whether the trial court correctly determined that Florida's long arm statute[1] empowered the court to exercise in personam jurisdiction over a non-resident defendant. We conclude that the allegations of the complaint, coupled with the affidavits offered in support of and in opposition to the defendant's motion to dismiss, fail to demonstrate sufficient minimum contacts between the defendant and the State of Florida and, consequently, we reverse.
This case is the product of a family dispute which culminated in a multi-count complaint filed by the plaintiff mother-in-law against the defendant son-in-law. The critical allegations indicate that the mother-in-law is a Florida resident while the son-in-law is a New York resident. Essentially, the case concerns four loans made by the mother-in-law to the son-in-law in New York pursuant to oral contracts which did not specify a location for repayment. The complaint does not indicate where the mother-in-law resided when the loans were made, but the brief filed in this appeal states that she was a New York resident at that time. The complaint also contains a count for payment for personal services rendered pursuant to an implied contract in New York, a count for conversion of New York household goods and a count for fraudulent conveyance of New York real property. The son-in-law filed a motion to dismiss, contending that the complaint failed to allege sufficient facts to justify a Florida court exercising in personam jurisdiction. To support the motion, the son-in-law filed an affidavit which verified his New York residence[2] and stated that he had no contact with the State of Florida. The mother-in-law did not file an affidavit to verify her place of residence. She did, however, file an affidavit from a daughter who lives in Florida and who stated that the defendant, her brother-in-law, at some time in the past, had spent sixty to ninety days in Florida.
The mother-in-law's theory of jurisdiction involves a two-step analysis. First, relying on general contract law, she asserts that in a suit on a contract, the cause of action arises where the breach occurs; and, if the contract does not expressly provide for a place of payment, it is implied that payment is to be made at the residence of the creditor. See, e.g., Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983). Second, she employs section 48.193(1)(g), Florida Statutes (1981), which provides that a person is subject to Florida's jurisdiction if that person "[b]reaches a contract in this state by failing to perform acts required by the contract to be performed in this state."
Admittedly, if the general principles of contract law can be applied so as to find a breach of the contract in Florida, then a literal reading of the statute would suggest that Florida has jurisdiction over the son-in-law. But, in our view, such an application of the statute would not pass constitutional muster. Our sister court articulated the same concern in Osborn v. University Society, *413 Inc., 378 So.2d 873 (Fla. 2d DCA 1979):
[I]n cases involving jurisdiction over nonresidents, there are constitutional issues which we must also consider. A court may acquire personal jurisdiction over a nonresident only if the nonresident has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Thus, under a given factual situation, even though a nonresident may appear to fall within the wording of a long arm statute, a plaintiff may not constitutionally apply the statute to obtain jurisdiction in the absence of the requisite minimum contacts with the forum state.
Id. at 874 (citations omitted).
Quoting from International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court in Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977), observed that "[m]echanical or quantitative evaluations of the defendant's activities in the forum could not resolve the question of reasonableness:
Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a statute may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relations."
In the case at bar, the son-in-law has only one, tenuous connection with Florida: he borrowed money from his mother-in-law, a New York resident, who later moved to Florida and made demand for repayment. Aside from this, there is no evidence that the defendant has any ties, contacts or relations with Florida.[3]
In comparing this case with others in which the long arm statute has been applied, we find it significant that the son-in-law did not come to Florida to negotiate the loan as did the defendant in First National Bank of Kissimmee v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977). Also, it is noteworthy that the parties did not expressly agree that the loans would be repaid in Florida. See Gerard v. Pisces Sales & Marketing, Inc., 425 So.2d 209 (Fla. 4th DCA 1983); see also Newton v. Bryan, 433 So.2d 577 (Fla. 5th DCA 1983). Perhaps most significantly, there are no allegations in this case that the defendant son-in-law availed himself of any privileges and benefits of Florida law. In short, the record reflects a total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction. The mother-in-law's selection of Florida as her eventual place of residence is an isolated, "fortuitous circumstance," World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980), which, standing alone, will not *414 support Florida's exercise of in personam jurisdiction over the defendant. Mere "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958). "In short, it cannot be said that the defendant engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just or reasonable... ." Rush v. Savchuk, 444 U.S. 320, 329, 100 S.Ct. 571, 577, 61 L.Ed.2d 516 (1980). Thus, we conclude that the complaint and supporting affidavit in the case at bar fail to demonstrate minimum contacts with Florida. Consequently, the plaintiff cannot employ the long arm statute to achieve in personam jurisdiction over the defendant in Florida. Contra Engineered Storage Systems v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982). Accordingly, the order on appeal is
REVERSED.
DOWNEY and DELL, JJ., concur.
NOTES
[1] Section 48.193(1)(g), Florida Statutes (1981).
[2] The affidavit contained a typographical error in that it stated, "I am currently and have been at all times alleged in the Complaint a resident and domicile of the State of Florida, residing at 2015 61st Street Brooklyn, New York." Upon review, the trial court noted the ambiguity and held "[t]hat is obviously a typographical error."
[3] The affidavit of the defendant's sister-in-law indicated that, at some unspecified time, the defendant had spent sixty to ninety days in Florida. Apparently this was filed to demonstrate that the defendant has ties, contacts or relations with Florida. However, the affidavit is wholly insufficient for this purpose. It does not contain the slightest suggestion that the time spent in Florida was anything more than a visit and there is no allegation that it had anything to do with the events forming the basis of the complaint. Also, we note a second more serious deficiency in the mother-in-law's proof: her failure to support the jurisdictional allegations of the complaint. In Hickok Teaching Systems v. Equitech Training Systems, 421 So.2d 772, 773 (Fla. 4th DCA 1982), we held that "[a] plaintiff must plead sufficient material facts to establish a basis for jurisdiction under the Florida Longarm statute. If a defendant challenges those allegations by affidavit, the plaintiff must then support its jurisdictional allegations by affidavit or other proof." The complaint in the case at bar alleged that the mother-in-law was a resident of Palm Beach County, Florida "at all times material to this cause." When challenged by the son-in-law, the mother-in-law failed to respond with a supporting affidavit directed to her allegations. Moreover, it now appears through a concession in her brief that she was a resident of Florida only at the time that demand for repayment was made.