MID–WEST MEDICAL, INC.,
Respondent,

v.

KREMMLING MEDICAL–SURGICAL
ASSOCIATES, P.C., Petitioner,
Appellant,

Gerald Zabielski, Defendant.

No. C5–84–407.

Court of Appeals of Minnesota.

July 10, 1984.

Robert G. Briggs, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for respondent.

Daniel J. Starks, Nichols, Kruger, Starks & Carruthers, Minneapolis, for appellant.

OPINION

LESLIE, Judge.

Defendant appeals from the trial court's order denying its motion to dismiss plaintiff's claim for lack of personal jurisdiction. We granted discretionary review and find no personal jurisdiction over defendant in this state.

We reverse.

## FACTS

Defendant Kremmling Medical-Surgical Associates, P.C. is a Colorado professional corporation providing medical care and services in Kremmling Colorado. Plaintiff Mid-West Medical, Inc. (Mid-West) is a Wisconsin corporation with its principal place of business in Minnesota. Mid-West operates a physician recruiting and placement service over a multistate area.

In April 1983 defendant's agent Gerald Zabielski heard about Mid-West by word of mouth and telephoned Mid-West to inquire about locating a physician. An employee of Mid-West then flew to Colorado to meet with Zabielski and to discuss Mid-West's services and defendant's needs. The employee left a written contract with defendant, which defendant later executed in Colorado and sent to Mid-West in Minnesota where Mid-West apparently executed it. The contract provided that all disputes would be governed by Minnesota law. Shortly thereafter defendant engaged a physician allegedly referred by Mid-West. Mid-West now sues claiming it is entitled to collect $9,000 for recruiting the physician. Mid-West served process on defendant in Colorado under Minnesota's long arm statute.

## ISSUES

Did defendant's conduct provide sufficient minimum contacts with Minnesota to permit this state's exercise of personal jurisdiction over it?

## ANALYSIS

■ Minnesota interprets its long arm statute, Minn.Stat. § 543.19 subd. 1(b) (1982), to extend personal jurisdiction in its courts to the limits of the due process clause of the Fourteenth Amendment. *Toro Co. v. Ballas Liquidating Co.,* 572 F.2d 1267, 1269 (8th Cir.1978). Due process requires sufficient minimum contacts between the nonresident defendant and the forum state so that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326

U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The contacts must include "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). "[T]he defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Minnesota follows the five factor test developed in *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir.1965):

An analysis of minimum contacts requires consideration of (1) the quantity of contacts, (2) the nature and quality of contacts, (3) the source and connection of those contacts to the cause of action, (4) the interest of the forum state, and (5) the convenience of the parties. The first three factors are the primary factors, with the last two deserving lesser consideration.

*Dent-Air, Inc. v. Beech Mountain Air Service, Inc.,* 332 N.W.2d 904, 907 (Minn.1983).

■ When a defendant challenges the exercise of personal jurisdiction, plaintiff bears the burden of showing sufficient contacts to meet the constitutional minimum. *Fingerhut Gallery, Inc. v. Stein,* 548 F.Supp. 206, 208 (D.Minn.1982). Plaintiff must make a prima facie showing of minimum contacts by alleging supporting facts in its complaint. *Hardrives, Inc. v. City of LaCrosse, Wisconsin,* 307 Minn. 290, 293, 240 N.W.2d 814, 816 (1976).

Mid-West relies upon *Marquette National Bank of Minneapolis v. Norris,* 270 N.W.2d 290 (Minn.1978) where the Minnesota Supreme Court found jurisdiction. In *Marquette* the non-resident defendant stockbrokers contacted Minnesota only by mail and by phone, and only conducted one transaction with Minnesota residents. That transaction, however, involved a com-

plicated exchange of collateral pledged to a Minnesota bank and the purchase of corporate stock from Minnesota residents with payment extending over five years.

*Marquette* does not control this case for two reasons. First, the transaction in *Marquette* was more complex than here and created higher quality contacts than found here. Second, *Marquette* was decided before *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Since that decision, courts tend to require greater contacts before finding personal jurisdiction.

In *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309 (8th Cir.1982), the parties entered a four-year agreement for sale of 6,000 railroad car parts, involving numerous shipments. Defendant-purchaser executed the agreement in Pennsylvania and plaintiff-manufacturer executed it in Missouri. Although defendant helped design the parts and corresponded by mail and phone, none of his employees visited Missouri. When defendant failed to pay for some of the parts, plaintiff sued, serving defendant under Missouri's long arm statute.

The Eighth Circuit found both insufficient contacts to satisfy due process and insufficient activity in Missouri to constitute "transacting business" under Missouri's long arm statute. The court relied upon the negotiation of the transaction in Pennsylvania, that defendant had no property, office or agent in Missouri and that none of defendant's employees visited Missouri. The court held that defendant's initial inquiry to plaintiff about the purchase and its payment to plaintiff in Missouri were insufficient to provide "minimum contacts." *Scullin Steel* at 314.

In *Fingerhut Gallery, Inc. v. Stein*, 548 F.Supp. 206 (D.Minn.1982), defendant art dealer in Illinois telephoned plaintiff art dealer in Minnesota to find a certain lithograph. During the conversation they agreed that plaintiff would send the lithograph to Chicago for defendant's inspection. Plaintiff included in the shipment an invoice for the agreed price. Defendant received and accepted the lithograph and sent a $5,000 partial payment to defendant. When a dispute later arose and defendant refused to make further payment, plaintiff sued in United States District Court in Minnesota serving defendant under Minnesota's long arm statute. The district court dismissed the action for lack of personal jurisdiction applying *Scullin Steel:* "The only contact with Minnesota is defendant's single telephone call to Fingerhut and his single payment sent to Minnesota. Such isolated activities do not satisfy due process requirements." *Id.* at 20.

In *Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904 (Minn. 1983), plaintiff from Minnesota advertised nationally to lease a plane. Defendant from North Carolina responded and plaintiff flew to North Carolina to negotiate the lease. Defendant signed the lease and a guarantee in North Carolina and sent it to Minnesota. Plaintiff and defendant later entered two separate leases for two other aircraft. It was unclear who initiated the negotiations for those two later leases. All three planes were delivered outside of Minnesota. All leases provided for return of the planes in Minnesota, for payment of rent in Minnesota, and for Minnesota law to govern the lease.

The Minnesota Supreme Court found defendant's contacts with Minnesota constitutionally insufficient because defendants did not purposefully avail themselves of Minnesota law. The court found the quality of contacts did not justify granting jurisdiction.

## DECISION

We find that defendant's contacts with Minnesota are no more significant than those of the defendants in *Scullin Steel*, *Fingerhut Gallery* or *Dent-Air*. Accordingly, we find service of process on defendant under Minnesota's long arm statute an unconstitutional extension of this state's personal jurisdiction.

Reversed.