LETTS, Judge.
A former husband appeals the denial of his motion to dismiss a suit by his former wife for lack of in personam jurisdiction. We reverse.
The wife sued the husband, a New Jersey resident, for breach of contract based on a settlement agreement entered into in New Jersey. The husband had paid the child support as specified in the agreement until the wife took the child and moved to Florida. We agree with the husband that the action should be dismissed.
The wife relies on Section 48.193(l)(g), Florida Statutes (1983), in order to invoke the jurisdiction of the Florida court. However, the husband has insufficient contacts with this state to satisfy due process standards. The case of Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984), is relevant. There the defendant son-in-law’s only connection with Florida was his borrowing money from his mother-in-law, a New York resident who later moved to Florida and demanded repayment. She too, relied on Section 48.'193(l)(g) arguing that jurisdiction resulted from the contract being breached in Florida. However, this court held that that circumstance alone was insufficient to satisfy due process. As here, the parties in Scordilis did not expressly agree that payment would be made in Florida nor were there any allegations that the son-in-law, (or the husband in the instant case) had availed himself of any privileges and benefits of Florida law. The mother-in-law’s selection of Florida as her eventual place of residence was found to be an isolated, fortuitous circumstance. Similarly, in Boyer v. Boyer, 73 Ill.2d 331, 22 Ill.Dec. 747, 383 N.E.2d 223 (1978), the Illinois court found no jurisdiction over a Georgia resident, noting:
[T]he defendant in our case derived no commercial or personal benefits from the presence of his children or ex-wife in Illinois; thus, the facts of our case support neither the reasonableness-and-fairness test nor the minimum-contact criterion of due process.
Id. 22 Ill.Dec. at 750, 383 N.E.2d at 226.
The wife also asserts that the husband gave her a choice of forum because of paragraph 17 of the property settlement agreement:
17. Husband’s obligations hereunder shall survive any decree of any Court granting a divorce to either of the parties for past or future fault of either party (or granting separate maintenance or alimony, temporary as well as permanent). Similarly, it is agreed that if consistent with the rules of practice of a Court granting such decree or judgment of absolute divorce, the provisions of this Agreement may be incorporated in such decree or judgment, but notwithstanding such incorporation this Agreement shall not be merged therein but shall in all respects survive same. Nothing herein contained shall be construed to prevent either of the parties from maintaining suit for absolute divorce against the other in any jurisdiction based upon any past or future conduct of the other, nor bar the other from defending any such suit.
We decline to so interpret this paragraph. The record contains no Florida Final Judgment of Dissolution and it appears *1020 that the divorce was actually obtained m Haiti.
REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS THE ACTION.
ANSTEAD, C.J., and HURLEY, J., concur.