503 So.2d 975 (1987)
David REINAUER, Wilbur Andrews, Andrew Meyers and the Trails, Inc., Appellants,
v.
GREENMAN ADVERTISING ASSOCIATES, INC., Appellee.
No. 4-86-0900.
District Court of Appeal of Florida, Fourth District.
March 11, 1987.
*976 Linda Raspolich Pratt of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellants.
Howard E. Horowitz of Jacobson & Gottlieb, Hollywood, for appellee.
DELL, Judge.
This appeal is from an order denying appellants' motion to quash service of process and to dismiss for lack of personal jurisdiction.
Appellants, Reinauer, Andrews, and Meyers are individuals and residents of the state of Louisiana. The Trails, Inc., a Louisiana corporation formed to develop eightyeight acres of land located in Lake Charles, Louisiana, has its principal place of business in Lake Charles, and is not licensed to do business in Florida. The Trails, Inc. entered into a written contract with Greenman Corporate Consultants, Inc. for a marketing package that included services for advertising and promotions. The parties executed the contract in Louisiana and expressly provided for jurisdiction in the courts of Louisiana:
The legal jurisdiction of this agreement shall be the laws and courts of the State of Louisiana. In the event of litigation in which the Court finds for Greenman, client agrees to pay Greenman's expenses (for travel, food, lodging and per diem time based on regular billable rates) involved in initiating, pursuing or defending against said litigation.
... if the client does not make all payments to Greenman Corporate Consultants, Inc., and/or Greenman Advertising in a timely fashion, Greenman shall have the right to request payment from the closing agents at all closings following Greenman's request to do so. Greenman's request shall be delivered by registered mail to:
 Mr. Wilbur Andrews, Trails, Inc.
 c/o Sparky Myers Homes,
 2006 Enterprise Blvd.
 Lake Charles, La. 70605.
As long as all payments are made in a timely fashion, client may disburse Greenman's funds through client's regular bookkeeping process.
Appellee, Greenman Advertising Associates, Inc., a Florida corporation, is a wholly owned subsidiary of Greenman Corporate Consultants, Inc. with whom it shares the same officers and directors. Appellee furnished the advertising services provided for in the contract. The reverse side of appellee's invoices contained terms and conditions that required payments for services and goods to be made in Hollywood, Florida. Appellee filed suit against appellants, claiming damages arising from appellants' failure to pay the amounts invoiced. The complaint alleged that the failure to pay constituted a breach of the contract within Florida and subjected appellants to jurisdiction in the state of Florida pursuant to *977 section 48.193, Florida Statutes (Supp. 1986).
Appellants moved to quash service of process and to dismiss the action for lack of personal jurisdiction. Their motion alleged that the allegations of the amended complaint did not support a basis for personal jurisdiction in Florida; that they are residents of the state of Louisiana; do not maintain any officers or agents in the state of Florida; do not have a resident agent in Florida for service of process; do not do business in the state of Florida; do not own real property in the state of Florida; and that the contract for goods and services, negotiated and executed in the state of Louisiana, specifically required any lawsuit involving the contract to be brought in Louisiana. Each of the individual appellants filed affidavits in support of the motion to quash service of process. Initially the trial judge granted appellants' motion based upon the contract between Trails, Inc. and Greenman Corporate Consultants, Inc. On rehearing, the trial court concluded that Greenman Corporate Consultants, Inc. and Greenman Advertising Associates were separate and distinct corporations, and that the Greenman Corporate Consultants contract did not apply to the goods and services furnished by Greenman Advertising Associates.
We note that the invoices for appellee's goods and services were addressed to The Trails, Inc. and that the initial contract leading to this dispute is between Greenman Corporate Consultants, Inc. and The Trails, Inc. We have found nothing in this record that would support the trial court's denial of appellants' Reinauer, Andrews and Meyers' motion to quash service of process and to dismiss for lack of personal jurisdiction under section 48.193, Florida Statutes (Supp. 1986). Therefore, we summarily reverse the trial court's order as to these appellants.
As to The Trails, Inc. motion, we believe the trial court correctly concluded in its initial order that this appellant had not submitted itself to the jurisdiction of the Florida courts. Appellee has not attempted to rebut the allegations contained in the motion to quash service of process other than to rely on the language of its invoice and appellant's failure to make payments in Florida as required by the invoice. Moreover, appellant makes a strong and convincing argument that appellee did not establish the essential minimum contacts necessary to establish jurisdiction in the Florida courts. The record demonstrates that appellants took great pains to assure that in the event of a dispute concerning the goods and services that Greenman Consultants, Inc. agreed to provide, such dispute would be litigated in the state of Louisiana. They insisted on an addendum to the contract specifically providing for such jurisdiction. While the contract was between Greenman Consultants, Inc. and The Trails, Inc., the addendum expressly mentions The Trails, Inc.'s obligation to make timely payments to Greenman Advertising. It was reasonable for The Trails, Inc. to believe that it had established jurisdiction in the state of Louisiana for any dispute arising out of this agreement.[1]
In National Equipment Leasing, Inc. v. Watkins, 471 So.2d 1369 (Fla. 5th DCA 1985), the district court held that the failure to make rental payments in the state of Florida, standing alone, was not sufficient to establish long-arm jurisdiction. The court stated:
The due process constitutionality of the use of a long-arm statute in every instance is based on a determination that a non-resident, such as the lessee in this case, has had such "minimum contacts" with the forum state as to make it reasonable to require the non-resident to go to the forum state to defend a law action resulting from the non-resident's prior "minimum contacts" with the forum state. See International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contact or contacts with the forum state must be such that the maintenance of the suit does not offend traditional notions of fair play and substantial *978 justice. Id. The contact or contacts must include "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Due process requires that for use of long-arm service of process in a particular case it must be reasonable to say that the defendant's "connection and conduct with the forum state are such that he should reasonably anticipate being haled into court there." See World Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Id. at 1370 (footnote omitted).
This court reached a similar result in Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984). We find no basis in the record to support a finding that appellants had an expectation of being haled into the courts of Florida, or that they had sufficient minimum contacts with the State of Florida to conclude that they submitted themselves to jurisdiction under our long-arm statute.
Therefore, we reverse the order denying appellants' motion to quash service of process and to dismiss for lack of personal jurisdiction.
REVERSED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] In Maritime Ltd. Partnership v. Greenman Ad. A., 455 So.2d 1121 (Fla. 4th DCA 1984), we considered only the question of consent jurisdiction and did not address any arguments concerning doing business or performing acts in Florida through minimum contacts.