COWART, Judge.
Plaintiffs-Appellees sued defendants-appellants (Boggses), residents of West Virginia, and attempted service of process under the Florida Long Arm Statute, section 48.-193, Florida Statutes. The complaint alleges that the Boggses were officers in certain foreign corporations and that the Boggses conspired with a co-defendant, Frank A. Roark, who was doing business in Orlando. The complaint does not allege that the Boggses personally acted in the State of Florida. The Boggses filed affidavits denying these essential jurisdictional facts and specifically denied that Roark acted as their agent. The trial court denied the motion to dismiss the complaint and the Boggses appeal.
The Boggses’ affidavits were sufficient to make a prima facie showing that the Florida long arm statute did not apply and the plaintiffs failed to substantiate their jurisdictional allegations in the complaint, assuming those allegations were initially sufficient.[1] The plaintiffs presented no rebuttal evidence as to these matters. Therefore, the Boggses’ motion to dismiss should have been granted.
The order denying the motion to dismiss is reversed and the cause remanded with directions to dismiss the complaint as to the Boggses.
REVERSED and REMANDED.
ORFINGER and GOSHORN, JJ., concur.

. See Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977); Newton v. Bryan, 433 So.2d 577 (Fla. 5th DCA 1983); McLean Financial Corp. v. Winslow Loudermilk Corp., 509 So.2d 1373 (Fla. 5th DCA 1987); Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986), affirmed, 511 So.2d 992 (Fla.1987); Bank of Wessingtoh v. Winters Government Securities Corp., 361 So.2d 757 (Fla. 4th DCA 1978).