COWART, Judge.
The plaintiffs-appellees sued numerous defendants for damages alleging certain tax advantages of an investment were not as represented. The count against Miller alleges he is trustee of a trust fund for legal services for investors challenged by the Internal Revenue Service. The plaintiffs alleged they demanded that legal services be provided through the fund but that the trustee failed to provide such services. The complaint does not allege the situs of the trust or that Miller is a resident of Florida or has acted in Florida. There are no allegations that Miller, as trustee or otherwise, does business in this state nor are any of the basis for long-arm jurisdiction under section 48.193, Florida Statutes, *798 asserted against Miller. In short, the plaintiffs did not allege facts showing personal jurisdiction of the Florida court over this defendant.
Even if the complaint had been sufficient, Miller, by'affidavit, denied that any specific basis for jurisdiction existed. Plaintiffs’ rebuttal was insufficient to overcome this denial. See Boggs v. Yoder, 546 So.2d 1097 (Fla. 5th DCA 1989). The trial court therefore erred in denying defendant Miller’s motion to quash and dismiss for lack of jurisdiction. We reverse and re mand with instructions to grant the motion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.