PER CURIAM.
This is an appeal from a final judgment entered after a non-jury trial, ordering appellant/defendant to pay appellee/plaintiff the sum of $7,194.00. We reverse.
The issue we choose to discuss is whether the trial court erred in denying defendant’s motion to dismiss for lack of personal jurisdiction and motion to quash service of process, and finding again at trial that the court had personal jurisdiction over the defendant. We conclude it did.
Appellant Cookbook Publishers, Inc. (Cookbook), a Kansas corporation, entered into an agreement with appellee American Dental Program (ADP), a foreign corporation doing business in Springfield, Missouri at the time of the agreement. The agreement provided for group dental coverage for the employees of Cookbook through ADP. The agreement stated the term as two years, from April 1, 1986 to April 1, 1988. Shortly after the agreement was signed, ADP moved their operation to Fort Lauder-dale, Florida. Despite the move by ADP, Cookbook continued to meet its obligations under the agreement by sending the payments, as due, to the Fort Lauderdale office. Around April, 1987, after a year of regular correspondence and payments between the two parties, the head of ADP’s accounting department, Herbert Lewis, noticed that Cookbook had failed to send in its March, 1987 payment. He called the contact person at Cookbook, Loree A. Motley, who signed the agreement on behalf of Cookbook, and requested an explanation. She told Lewis that ADP would not receive any more payments on the agreement because she had made other arrangements for the company’s dental coverage needs. The payments due on the second year of the agreement were actually paid by Cookbook to another company, Dental Source. The $7,194 paid to Dental Source was part of the money ADP was seeking from Cookbook.
ADP filed a complaint, seeking judgment against Cookbook for breach of contract,, open account, and account stated. ADP alleged that: 1) it was a foreign corporation doing business in Broward County, Florida; and that Cookbook was a foreign corporation doing business in Kansas; 2) Cookbook owed it $13,584 for the remainder of the term of the agreement; and 3) Cookbook failed to make those payments, provided for in the contract, due to it in Broward County after its move from Springfield, Missouri.
Cookbook filed its motion to dismiss for lack of personal jurisdiction and motion to quash process of service alleging it had insufficient minimum contacts with Florida. An accompanying affidavit was attached from Loree Motley, in which she stated:
2. That COOKBOOK PUBLISHERS, INC., is a Kansas Corporation with its location in the Olathe area.
3. That the Group Coverage Agreement which is the subject of this litigation was signed and performed in Olathe, Kansas.
4. That the dentists provided and utilized under the Group Coverage Agreement are located in the metropolitan Kansas City, Missouri/Kansas City, Kansas area.
5. That at the time the contract and Group Coverage Agreement was signed, American Dental Program, Inc., was located in Springfield, Missouri, and had not given any notification to us that they intended to change their location.
6. That at the present time the plaintiff, American Dental Program, Inc., is a Missouri Corporation in good standing *1303 with its registered agent, Mr. Burk Terrell, located at 1430 E. Sunshine, Springfield, Missouri, 65804.
7. That at no time has the defendant conducted or done business in the state of Florida.
8. That at no time has the defendant owned property or maintained an office or resident agent within the state of Florida.
9. That the defendant owns no assets and has no bank accounts within the state of Florida.
10. That the defendant has no real estate and does not advertise or solicit business within the state of Florida.
11. That the plaintiff maintains and operates a location for the regular transaction of business under these contracts located in Kansas City, Missouri, and that his agents have discussed and contacted the defendant in Missouri concerning the contract under dispute within their home office.
12. I have personal knowledge of the facts contained within the affidavit.
These motions were denied and Cookbook was ordered to answer. After a non-jury trial, final judgment was entered in favor of ADP. This appeal followed.
In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Court said:
If the question is whether an individual’s contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party’s home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on “mechanical” tests, International Shoe Co. v. Washington, 326 U.S. [310], at 319, 66 S.Ct. [154], at 159 [90 L.Ed. 95 (1945)], or on “conceptualistic ... theories of the place of contracting or of performance,” Hoopeston Canning Co. v. Cullen, supra, 318 U.S. [313], at 316, 63 S.Ct. [602], at 604 [87 L.Ed. 777]. Instead, we have emphasized the need for a “highly realistic” approach that recognizes that a “contract” is “ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.” Id., at 316-317, 63 S.Ct., at 604-605. It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties’ actual course of dealing — that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.
471 U.S. at 478-79, 105 S.Ct. at 2185, 85 L.Ed.2d at 544-45 (emphasis in original).
In Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1740, 2 L.Ed.2d 1283, 1298 (1958), it was held that a foreign resident must engage in “some act by which [he] has purposefully availed himself of privilege of conducting activities within foreign state, thus invoking benefits and protection of its laws.” See also Reinauer v. Greenman Advertising Assoc., Inc., 503 So.2d 975 (Fla. 4th DCA 1987), and Seville Financial Inc. v. Nationwide Marketing Assoc., Inc., 488 So.2d 658 (Fla. 4th DCA 1986).
ANSTEAD, GLICKSTEIN and GARRETT, JJ., concur.