573 So.2d 1081 (1991)
LASER ELECTRICAL CONTRACTORS, INC., a Texas Corporation, and Stanley Gentzler, Individually, Appellants,
v.
C.E.S. INDUSTRIES, INC., a Delaware Corporation, D/B/a Consolidated Electric Supply, Appellee.
No. 90-1094.
District Court of Appeal of Florida, Fourth District.
February 13, 1991.
*1082 Douglas L. Roberts of Douglas L. Roberts, P.A., and David B. Van Kleeck of David B. Van Kleeck, P.A., Boca Raton, for appellants.
Timothy R. Moorhead of Wright, Fulford, Moorhead & Wittek, P.A., Orlando, for appellee.
PER CURIAM.
Appellants, Laser Electrical Contractors, Inc. (hereinafter Laser), a Texas corporation, and Laser's Vice-President, Stanley Gentzler, brought this interlocutory appeal from the lower court's order denying their motion to dismiss the appellee's complaint for lack of personal jurisdiction. We affirm the lower court's order as to the appellant Laser, but reverse as to Gentzler.
Appellee, C.E.S. Industries, Inc. (hereinafter C.E.S.), is a corporation doing business in Florida. Laser completed an application for credit with C.E.S. and Gentzler signed as guarantor. Laser proceeded to order on credit from C.E.S., and apparently failed to make satisfactory payment. C.E.S. filed suit against Laser and Gentzler in Florida, alleging causes for open account and account stated against Laser and one cause for personal guarantee against Gentzler. Attached to this complaint were Laser's credit application and a monthly statement showing Laser's balance due. Both Laser and Gentzler were served in Dallas, Texas.
Laser and Gentzler filed a motion to dismiss C.E.S.'s complaint for lack of personal jurisdiction, but did not accompany the motion with affidavits in support of their claim. The trial court denied the motion.
The procedure to be followed when a plaintiff is alleging personal jurisdiction over a nonresident was outlined by the Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989):
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1.070(i); Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986). By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 1st [sic] DCA 1976). A defendant wishing to *1083 contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Elmex Corp.

Id. at 502-3.
C.E.S. concedes that the allegations of its complaint asserted only that Laser was a Texas corporation and that Gentzler was an individual; however, C.E.S. relies on the exhibits attached to its complaint as pleading the basis of service over Laser in the language of section 48.193(1)(g), Florida Statutes (1988), the Long-Arm Statute. That section provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
.....
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
Because appellants' motion to dismiss was unaccompanied by affidavits, it did not raise a contention of minimum contacts, but raised only the legal sufficiency of the jurisdictional allegations of C.E.S.'s complaint. The exhibits attached to C.E.S.'s complaint demonstrated that a contract existed between Laser and C.E.S. and that Laser had failed to pay C.E.S. according to the terms of that contract. "[T]he legal presumption that a debt is to be paid at the creditor's place of business `is sufficient to satisfy the language of Florida's long-arm provision that refers to contractual acts "required" to be performed in Florida.'" Unger v. Publisher Entry Serv., 513 So.2d 674, 676 (Fla. 5th DCA 1987) [quoting Kane v. American Bank of Merrit Island, 449 So.2d 974 (Fla. 5th DCA 1984)]. Therefore, the jurisdictional allegations of appellee's complaint were legally sufficient to allege personal jurisdiction over appellant Laser, and the trial court's denial of the motion to dismiss as to Laser was proper. We note that the instant case is distinguishable from Cookbook Publishers, Inc. v. American Dental Program, 559 So.2d 1301 (Fla. 4th DCA 1990) and Bill Mansfield Motors, Inc. v. American Dental Program, 566 So.2d 606 (Fla. 4th DCA 1990), as the motions to dismiss in those cases were accompanied by affidavits, and thus raised a contention of minimum contacts.
We reverse that portion of the lower court's order which denied the appellants' motion to dismiss as to Gentzler, however, as appellee's pleadings did not sufficiently allege personal jurisdiction over Gentzler, the guarantor of the contract between C.E.S. and Laser. Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla. 3d DCA 1986). C.E.S. argues that its complaint satisfied the language of section 48.193(1)(d) which provides for personal jurisdiction over any person:
(1)(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
However, C.E.S.'s complaint alleged a cause of action for guarantee against Gentzler, and not insurance of a risk. Therefore appellant's motion to dismiss for lack of personal jurisdiction as to Gentzler should have been granted.
The interlocutory order denying appellants' motion to dismiss is affirmed in part and reversed in part.
DOWNEY and POLEN, JJ., and WALDEN, JAMES H. (Retired), Associate Judge, concur.